## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. CURRAN, III | : | |
|     Plaintiff | : | No. 1:12-cv-00750 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MARK ZINNAMOSCA & | : | |
| ASSOCIATES, et al., | : | |
|     Defendants | : | |

### ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff John F. Curran, III filed the initial complaint in this action on April 4, 2012. (Doc. No. 1.)  His initial complaint brought claims against multiple Defendants, including Mark Zinnamosca, CPA and Mark Zinnamosca & Associates (the "Zinnamosca Defendants").  (Id.) On May 23, 2014, following disposition of multiple motions to dismiss by various Defendants (see Doc. No. 28), Plaintiff filed a second amended complaint, again bringing claims against the Zinnamosca Defendants, and others.  (Doc. No. 44.)  On June 11, 2014, the Zinnamosca Defendants filed a motion to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 48.)  Plaintiff did not file a brief in opposition to the motion; instead, on July 2, 2014, he filed a motion to withdraw his second amended complaint "without prejudice."  (Doc. No. 50.)

On November 18, 2014 Magistrate Judge Schwab issued a Report and Recommendation in which she recommends that the Court grant Plaintiff's motion to withdraw without prejudice as to all Defendants other than the Zinnamosca Defendants.  (Doc. No. 51.)  For the Zinnamosca Defendants, Magistrate Judge Schwab recommends that the Court grant the Zinnamosca

Defendants' motion, dismissing them with prejudice.  (Id.)  Magistrate Judge Schwab notes that "because Curran has already filed multiple complaints against the Zinnamosca Defendants and those defendants have appeared and defended this case, the claims against the Zinnamosca Defendants should not be dismissed without prejudice."  (Id. at 4.)  No party filed objections.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides, in relevant part, that a Plaintiff may voluntarily dismiss a case, without a court order, by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Plaintiff is pro se, and the Court construes his filing as pursuant to Rule 41(a)(1)(A)(i).  See Collins v. Lincoln Caverns, Inc., No. 11-0355, 2011 WL 4625552, at *1 (M.D. Pa. Oct. 3, 2011) (construing pro se notice of voluntary dismissal under Rule 41(a)(1)(A)(i)).

"A filing under [Rule 41(a)(1)(A)(i)] is a notice, not a motion.  Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008).  "The notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case."[1] Id.  "The defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment."  Id.

In applying Rule 41(a)(1)(A)(i), the Court concludes that all Defendants named in the amended complaint, including the Zinnamosca defendants, should be dismissed without prejudice, and it therefore will only adopt Magistrate Judge Schwab's Report and

---

[1] The Court observes that although Plaintiff also named the Zinnamosca Defendants in a separate civil action, Curran v. Spyder, et al., No. 1:11-cv-02127 (M.D. Pa), Plaintiff did not voluntarily dismiss any claims in that action.

Recommendation in part.  No Defendant has filed an answer or a motion for summary judgment before Plaintiff filed his notice of voluntary dismissal.  Thus, Plaintiff's filing had the effect of voluntarily dismissing his claims – without prejudice – to <u>all</u> Defendants, including the Zinnamosca Defendants.  That the Zinnamosca Defendants had previously filed a motion to dismiss pursuant to 12(b)(6) is irrelevant.  <u>See</u> <u>In re Bath & Kitchen Fixtures Antitrust Litig</u>., 535 F.3d at 166 (noting that the filing of a motion to dismiss under Rule 12(b)(6) does not cut off a plaintiff's right to dismiss by notice[2]).  Although the Court is cognizant that the Zinnamosca defendants have defended this action through multiple complaints thus far, no party has filed an answer or summary judgment motion, and the Court has no discretion in applying Rule 41(a)(1)(A)(i); rather, courts are to apply "the literal terms of Rule 41."  <u>Id.</u> at 165.  Rule 41(a)(1)(A)(i) affixes a bright-line test to limit the right of dismissal to the early stages of litigation," which "simplifies the court's task by telling it whether a suit has reached the point of no return.  If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." <u>Id.</u> at 167. (internal citations and quotations omitted).

The rule has a peculiar effect here.  While this is technically the "early stages" of the litigation because no answer has yet been filed, the case has nevertheless been pending since April 2012, and the Zinnamosca Defendants have defended themselves through multiple motions to dismiss.  However, despite the considerable delay in this case, "[a] timely notice of voluntary dismissal invites no response from the district court and permits no interference by it." <u>Id.</u> at

---

[2] There is an exception for motions to dismiss that are converted into motions for summary judgment by the district court; however, that is not the case with the Zinnamosca Defendants' motion to dismiss.  <u>See</u> <u>id.</u> at 166.

165.  Plaintiff's notice is timely; timeliness of a Rule 41(a)(1)(A)(I) notice is not measured in months or years.  See id. at 167 ("[N]otice was timely because defendants had filed neither an answer nor a motion for summary judgment as of the date of the Notice.").  Courts are to apply the rule in this manner even though it often means that "the plaintiff can obtain a dismissal without prejudice after imposing high costs on defendants and judges."  Id. at 165.  Therefore, the Court will dismiss the second amended complaint in its entirety, without prejudice.  The Zinnamosca Defendants' motion to dismiss will be denied as moot.

**ACCORDINGLY**, this 8th  day of January 2015, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Schwab's Report and Recommendation (Doc. No. 51) is **ADOPTED IN PART**;

2. Plaintiff's motion to withdraw his amended complaint (Doc. No. 50) is **GRANTED**;

3. Plaintiff's second amended complaint (Doc. No. 44) is **DISMISSED WITHOUT PREJUDICE**;

4. The Zinnamosca Defendants' motion to dismiss (Doc. No. 48) is **DENIED AS MOOT**; and,

5. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
